**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-7670

ANDREW RIVERA, a/k/a Drew,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-94-723)

Submitted: April 17, 1997

Decided: May 2, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

John D. Delgado, Columbia, South Carolina, for Appellant. John
Michael Barton, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Andrew Rivera appeals the district court's order granting the Government's motion for a reduction of sentence under Fed. R. Crim. P. 35(b). We dismiss Rivera's appeal for lack of jurisdiction.

Rivera's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming that the district court erred in its reduction of Rivera's sentence from 220 months to 200 months. Under 18 U.S.C.A. § 3742(a) (West 1994 & Supp. 1997),

> we have jurisdiction to entertain [Rivera's] appeal only if his sentence (1) was imposed in violation of law, (2) was imposed as a result of an incorrect application of the Sentencing Guidelines, (3) is greater than the sentence specified in the applicable guideline range, or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

United States v. Hill, 70 F.3d 321, 323 (4th Cir. 1995) (citing 18 U.S.C.A. § 3742(a)). Consistent with Congress's intent, jurisdiction under § 3742(a) is narrowly interpreted. See Hill, 70 F.3d at 323-24. After reviewing the district court's order, the parties' briefs, and the applicable law, we conclude that Rivera is unable to demonstrate any of these jurisdictional prerequisites. Pursuant to Anders, this court has reviewed the record for potential error and has found none. Accordingly, we therefore dismiss for lack of jurisdiction.

This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED